USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                 :
PREFERRED FREEZER SERVICES, LLC,     :
                                                 :
                                     Plaintiff,   :
                                                 :            19-CV-2926 (VSB)
              - against -                :
                                                 :              **OPINION & ORDER**
AMERICOLD REALTY TRUST,                :
                                                 :
                                     Defendant.  :
                                                  :
-------------------------------------------------------- X

Appearances:

Blair Ruth Albom
Eric Jonathan Seiler
Mala Ahuja Harker
Robert Sherlock Smith
Friedman Kaplan Seiler & Adelman LLP
New York, NY
*Counsel for Plaintiff*

Grant Alan Shehigian
Mark Carl Zauderer
Flemming Zulack Williamson Zauderer, LLP
New York, NY

Jonathan Pickhardt
Michael Barry Carlinsky
Monica Elizabeth Tarazi
Rex Lee
Quinn Emanuel
New York, NY

*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is Defendant Americold Realty Trust's motion to stay and for costs pursuant

to Federal Rule of Civil Procedure 41(d). Because I find that awarding costs is appropriate but

that a stay is not warranted, the motion is GRANTED IN PART and DENIED IN PART.

I.      **Factual Background and Procedural History**[1]

On February 11, 2019, Plaintiff Preferred Freezer Services, LLC ("Plaintiff") filed a complaint against Defendant Americold Realty Trust ("Defendant") in the Supreme Court of New York, New York County, captioned *Preferred Freezer Services, LLC v. Americold Realty Trust*, Index No. 650871/2019 (the "State Action"). (Lee Decl. Ex. B. (the "State Complaint").)[2] The State Complaint alleged five causes of action, including: (i) breach of contract; (ii) breach of the covenant of good faith and fair dealing; (iii) tortious interference with a prospective economic advantage; (iv) unfair competition; and (v) misappropriation of confidential information. (*Id.* ¶¶ 60–83.) The State Complaint included the following summary of Plaintiff's factual allegations:

> This action arises from [Defendant's] misuse and misappropriation of confidential and proprietary information it obtained from its participation in the bidding process for 100% of [Plaintiff's] equity. After obtaining [Plaintiff's] confidential and proprietary information through its participation in the bidding process . . . , [Defendant] is now attempting to use the information for its own pecuniary gain and competitive advantage. . . . In October 2018, at the request of [Plaintiff], the Company's financial advisor, UBS Securities EEC ("UBS"), contacted a number of parties, including Defendant, that UBS believed potentially would be interested in purchasing the [Plaintiff]. After indicating its interest in such a transaction, [Defendant] entered the bidding process, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

(*Id.* ¶¶ 1, 2.) The State Complaint sought, in addition to damages, a temporary restraining order

---

[1] The factual summary presented in this section is derived from the parties' submissions in connection with the instant motion, as well as Plaintiff's complaint. My summary of these facts is not a finding as to their veracity, and I make no such finding in the instant opinion.

[2] "Lee Decl." refers to the Declaration of Rex Lee in Support of Americold Realty Trust's Motion to Stay and for Costs Pursuant to Federal Rule of Civil Procedure 41(d). (Doc. 17.) The State Complaint was filed under seal and published with redactions. (*Preferred Freezer Services, LLC v. Americold Realty Trust*, Index No. 650871/2019, NYSECF Doc. No. 82.)

and a preliminary injunction. (*Id.* ¶¶ A, B.) Because Plaintiff's State Complaint sought such relief, on the same day, the New York Supreme Court entered an order to show cause. (Harker Decl. Ex. B.)[3]

On February 26, 2019, the parties appeared in the State Action before the Honorable O. Peter Sherwood for the order to show cause hearing. (Lee Decl. Ex. J.) At the conclusion of oral argument, Justice Sherwood denied Plaintiff's motion, concluding that Plaintiff failed to meet "the standard required for showing likelihood of success on the merits," and had failed to show "irreparable harm." (*Id.* at 68:22–69:20.) On March 1, 2019, Plaintiff filed a notice of appeal to the New York Supreme Court Appellate Division, First Department, appealing the denial of its preliminary injunction motion and seeking interim relief. (Lee Decl. Ex. M; Harker Decl. Ex. D at 4, 17.) Plaintiff's application for interim relief was denied without prejudice to further consideration by the full Appellate Division panel. (Harker Decl. Ex. D at 17–18).

On March 14, 2019, the parties signed a stipulation extending Defendant's time to respond to the State Complaint to March 28, 2019. (*Id.* Ex. E.) On March 28, 2019, Plaintiff notified Defendant that it would be filing an amended complaint in the State Action, and would serve the amended complaint on April 1, 2019. (*Id.* Ex. G; Lee Decl. Ex. K.) However, on April 2, 2019, Plaintiff filed a notice of discontinuance in the State Action pursuant to N.Y. C.P.L.R. § 3217(a)(1), voluntarily dismissing without prejudice its claims against Defendant and notifying the Appellate Division that its appeal and pending motion for interim relief were moot. (Lee Decl. Exs. L, M; Harker Decl. Ex. H.) On the same day, Plaintiff filed the complaint in this action (the "Federal Action"). (Doc. 2 (the "Federal Complaint").)[4] The Federal Complaint

---

[3] "Harker Decl." refers to the Declaration of Mala Ahuja Harker in Opposition to Americold Realty Trust's Motion to Stay and for Costs Pursuant to Federal Rule of Civil Procedure 41(d). (Doc. 26.)

[4] The Federal Complaint was filed with partial redactions after Judge Analisa Torres, as Part I Judge at the time,

3

alleged seven causes of action, including: (i) a violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (ii) fraud in the inducement; (iii) breach of contract; (iv) breach of the covenant of good faith and fair dealing; (v) tortious interference with a prospective economic advantage; (vi) unfair competition; and (vii) misappropriation of confidential information. (*Id.* ¶¶ 95–134.) The Federal Complaint seeks temporary and permanent injunctive relief as well as monetary damages. (*Id.* ¶ A.) The Federal Complaint summarizes its allegations by stating the following:

> In October 2018, [Plaintiff] launched a competitive process to sell one hundred percent of the company. [Plaintiff]'s financial advisor, UBS Securities LLC ("UBS"), contacted a number of parties, including [Defendant], who UBS believed might have an interest in purchasing [Plaintiff]. [Defendant] misrepresented its true intentions, purporting to have an actual interest in acquiring the [Plaintiff], when in fact [Defendant] was using the bidding process as a pretext to obtain confidential and trade secret information of [Plaintiff] . . . . As part of the bidding process, [Plaintiff] permitted interested suitors, only after they agreed to a strict confidentiality and non-disclosure agreement, to access confidential, proprietary, competitively sensitive, and trade secret information . . . . [Defendant] signed such a[n agreement] . . . [b]ut [] misrepresented its interest in purchasing [Plaintiff], which was the pretext it used to induce [Plaintiff] to provide it with access to the [c]onfidential [i]nformation.

(*Id.* ¶¶ 2.) The "strict confidentiality and non-disclosure agreement" referenced in the Federal Complaint is the same Agreement referenced in the State Complaint.

Defendant appeared in this action on April 16, 2019. (Doc. 7.) On April 18, 2019, Defendant filed the instant motion to stay and for costs pursuant to Federal Rule of Civil Procedure 41(d), (Doc. 15), along with a memorandum of law in support of its motion, (Doc. 16), and the Rex Lee Declaration and supporting exhibits. (Doc. 17.) On May 9, 2019, Plaintiff filed a memorandum of law in opposition to Defendant's motion, (Doc. 25), as well as the Mala Ahuja Harker Declaration and supporting exhibits, (Doc. 26). On May 23, 2019, Defendant filed a reply memorandum of law. (Doc. 30.) On June 25, 2019, I entered an order extending

---

authorized the filing of the Federal Complaint under seal. (Doc. 6.)

Defendant's time to answer the Federal Complaint to thirty days after any ruling on the instant motion. (Doc. 33.)

## II. Legal Standards

Federal Rule of Civil Procedure 41(d) provides:

Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Accordingly, when a plaintiff voluntarily dismisses an action in state court, and subsequently files a second federal action asserting claims that "depend on the same core showing" as the claims in the initial action, a court may grant the relief prescribed in Rule 41(d). *See Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23–24 (2d Cir. 2018)

When determining if a second action is "based on or include[es] the same claim against the same defendant," courts may look to whether the second suit is "predicated on the same facts." *Ramirez v. iBasis, Inc.*, No. 08-CV-5125 KAM JMA, 2010 WL 1223589, at *3 (E.D.N.Y. Mar. 24, 2010) (citing *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343–44 (S.D.N.Y. 2009); *see also New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm.*, Nos. 06–CV–3529 (JG)(KAM), 07–CV–2474 (JG)(KAM), 2007 WL 2908110 at *16–17 (E.D.N.Y. Oct. 5, 2007) *report and recommendation adopted*, No. 06-CV-3529 (JG)(KAM), 05-CV-1702 (JG)(KAM), 03-CV-0192 (JG)(KAM), 07-CV-2474 (JG)(KAM), 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008); *Blauinsel Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108 (BSJ), 2001 WL 1602118 at *9 (S.D.N.Y. Dec. 14, 2001). The fact that two actions involve different theories of recovery or distinct forms of relief "is not dispositive for Rule 41(d)." *Horowitz*, 888

F.3d at 23–24.

When awarding costs, the Court may take into consideration a plaintiff's motives in dismissing a prior action. *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998); *Zucker v. Katz*, 708 F. Supp. 525, 539–40 (S.D.N.Y. 1989). "'[E]ven though a defendant need not show that a plaintiff acted in bad faith in order to recover, a district court may refuse to impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs.'" *Ramirez*, 2010 WL 1223589, at *3 (alterations in original) (quoting *Adams*, 630 F. Supp. 2d at 343); *Zucker*, 708 F. Supp. at 539. "Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and vexatious litigation." *Horowitz*, 888 F.3d at 25 (internal quotation marks and citation omitted). This is particularly true where plaintiffs "'file complaints and quickly dismiss them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable.'" *Lombardo v. R.L. Young, Inc.*, No. 3:18-CV-188 (JBA), 2018 WL 6727356, at *2 (D. Conn. Dec. 21, 2018) (quoting *Horowitz*, 888 F.3d at 26). Finally, "[a]n award of costs and the issuance of a stay are separate discretionary issues under Rule 41(d), and there is nothing in the text of the rule that requires the Court to issue a stay upon an award of costs." *Lombardo*, 2018 WL 6727356, at *3.

"[D]istrict courts may award attorneys' fees as part of costs under Rule 41(d)." *Horowitz*, 888 F.3d at 24. In fact, "a district court [is] free, in its discretion, to award attorneys' fees as part of costs." *Id.* at 25. Additionally, the Second Circuit chose "not to join the Fourth, Fifth, and Seventh Circuits in adopting a rule . . . in which attorneys' fees are available under Rule 41(d) only if the underlying cause of action itself allows for attorneys' fees." *Id.* at 26 n.6. However, some courts have restricted an award of costs to "'compensation for work done in the

6

first action that cannot be used in a second existing or contemplated action.'" *Pelczar v. Pelczar*, No. 16-CV-55 (CBA) (LB), 2017 WL 3105855, at *2 (E.D.N.Y. July 20, 2017) (quoting *Hintergerger v. Catholic Health Sys.*, No. 08-CV-952 (WMS), 2012 WL 1965435, at *1 (W.D.N.Y. May 31, 2012); *Adams*, 630 F. Supp. 2d at 346 ("Payment of fees upon dismissal without prejudice must be limited to compensation for work that cannot be used in a second contemplated action, and the amount of fees awarded must be supported by evidence in the record." (internal quotation marks omitted).

## III. Discussion

Defendant argues that I should award it the fees and expenses incurred in the State Action and stay this case pending Plaintiff's payment of such costs. (Doc. 16, at 14.) Plaintiff argues that it did not violate Rule 41(d) because it filed the Federal Complaint in good faith after discovering that it had a federal claim under the Defend Trade Secrets Act, and that an award of costs would be inappropriate here because the work performed by Defendants in defending the State Action can be recycled in the Federal Action. (Doc. 25, at 7–8.)

### A. *The State and Federal Actions*

Having reviewed the complaints in both the State and Federal Actions, it is clear that Plaintiff's second action is "based on or include[es] the same claim[s] against the same defendant." Fed. R. Civ. P. 41(d). Both actions were "predicated on the same facts," *Ramirez*, 2010 WL 1223589, at *3, and asserted identical causes of action except for the addition of two new claims in the Federal Action. As the Second Circuit has held, however, "[t]hat two actions involve different theories of recovery [] is not dispositive for Rule 41(d)." *Horowitz*, 888 F.3d at 23. Similarly, although Plaintiff has not filed a motion for a preliminary injunction in the Federal Action as it did in the State Action, Plaintiff "did not seek different relief in the two []

actions; in both, [Plaintiff] sought injunctive relief and damages." *Id.* at 24. Plaintiff's only argument as to why its two actions are distinct is that the Federal Action involves "a more detailed complaint with new claims" that Plaintiff was not aware of at the time it filed the State Action. (Doc. 25, at 24.) However, this same argument was squarely rejected by the Second Circuit in an analogous context. *Horowitz*, 888 F.3d at 24 ("that certain alleged acts occurred after the filing of the Georgia state action does not alter the underlying claim upon which both actions are based: that Associates did not own and had no right to use The Sloppy Tuna trademarks."). Contrary to Plaintiff's contention, the proper course of action upon discovery of a new claim was not voluntarily dismissing the State Action and initiating the Federal Action, but amending the State Complaint.[5] *See id.* at 23 ("[Plaintiff] could have asserted a Lanham Act violation in the Georgia state action by simply amending its complaint. . . . Rather, [Plaintiff] chose instead to voluntarily dismiss the Georgia state action and file its Lanham Act claims in federal court in another state. Moreover, it did so immediately after the Georgia state court stated its belief that the action was meritless . . . . This is the precise type of litigation tactic that Rule 41(d) is meant to deter."). Thus, I find that the similarities between the State and Federal Actions are sufficient for me to exercise the discretion afforded by Rule 41(d)(1) and (2).

---

[5] Defendant explicitly consented to an amendment of the State Complaint, (*see* Harker Decl. Ex. G; Lee Decl. Ex. K), and N.Y. C.P.L.R. § 3025 expressly permitted such an amendment, *see* N.Y. C.P.L.R. § 3025(b) ("A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties."). The Defend Trade Secrets Act claim in the Federal Complaint relies on many of the same allegations from the State Complaint. In addition, Congress granted state courts concurrent jurisdiction over Defend Trade Secrets Act claims. *See* 18 U.S.C. § 1836(c) (granting district courts original but not exclusive jurisdiction over Defend Trade Secrets Act claims).

### B. *Costs of the Previous Action*

Defendant states that, "[i]n the Rule 41(d) context, it is conventional to decide the movant's entitlement to an award first, then rule on the specific amount that is recoverable after giving the parties an opportunity to agree on reasonable costs and make any submissions as to the size of the award." (Doc. 30, at 12.) I agree. *See Horowitz v. 148 S. Emerson Assocs., LLC*, No. 16-CV-2741(SJF)(AKT), 2016 WL 11508981, at *12 (E.D.N.Y. Oct. 19, 2016) (requesting an affidavit from defendant outlining its reasonable costs prior to finalizing an award), *aff'd in part, vacated in part on other grounds, remanded*, 888 F.3d 13 (2d Cir. 2018); *Zucker*, 708 F. Supp. at 540 (awarding costs but giving the parties an opportunity to agree on what constituted "reasonable costs"). Plaintiff first argues that the costs Defendant incurred in the State Action would have been incurred anyway in the Federal Action, thus making an award of costs inappropriate. (Doc. 25, at 27.) In reply, Defendant disagrees with Plaintiff's contention and states that "little, if any, of the work [from the State Action] will be useful because [Defendant] is no longer opposing a preliminary injunction." (Doc. 30, at 13.) Given the near identical nature of the claims, and the fact that the preliminary injunction motion required an assessment of whether the claims had a likelihood of success on the merits—work that will likely be useful in the Federal Action—I find Defendant's argument unconvincing. Still, it is unlikely that all of Defendant's work from the State Action will be recycled in the Federal Action, justifying an award of at least some costs.

Plaintiff next argues that "[g]iven the dearth of experience of the New York state courts with the [Defend Trade Secrets Act], [Plaintiff] made the entirely reasonable and good faith determination that a federal court . . . was the appropriate place to bring its [Defend Trade Secrets Act] claim, rather than amending its complaint in the State Action to include its new

claim[] for violation of the [Defend Trade Secrets Act]." (Doc. 25, at 24.) This argument is more of a red herring than it is a legitimate argument. First, Rule 41(d) does not require that Plaintiff's conduct evince bad faith in order to justify an award. *See, e.g.*, *Ramirez*, 2010 WL 1223589, at *3. Second, because the Defend Trade Secrets Act is a relatively new statute, both state and federal courts have little experience with the statute. Finally, rather than defer to Plaintiff's assessment of a state court's ability to adjudicate federal claims, I defer to Congress's assessment, which granted state courts concurrent jurisdiction over Defend Trade Secrets Act claims. *See* 18 U.S.C. § 1836(c) (granting district courts original but not exclusive jurisdiction over Defend Trade Secrets Act claims). Indeed, as the Supreme Court has instructed:

> [w]e begin with the axiom that, under our federal system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause. Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."

*Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Because I reject Plaintiffs arguments[6] as to why costs are inappropriate, I make a preliminary determination that Defendant's motion for an award is granted.

---

[6] Plaintiff also argues that it did not violate Rule 41(d) because Defendant "consented to the Southern District of New York as a proper forum for any action 'arising out of or relating to th[e] [parties' non-disclosure] [a]greement.'" (Doc. 25, at 22 (quoting Lee Decl. Ex. A ¶ 16).) Plaintiff argues that because of the forum selection clause in the parties' agreement "[Defendant] cannot now contend that [Plaintiff] engaged in forum shopping by filing in an agreed upon forum." (*Id.*) This argument is meritless because the parties' forum selection clause states that the parties consent to the exclusive jurisdiction and venue of both the state *and* federal courts sitting in New York, New York. (*See* Lee Decl. Ex. A ¶ 16 (emphasis added).) Therefore, awarding costs in connection with Plaintiff's conduct does not offend the parties' choice of forum. The authority Plaintiff cites for its argument is in fact consistent with this conclusion. *See Airbus S.A.S. v. Aviation Partners, Inc.*, No. C12-1228JLR, 2012 WL 5295145, at *5 (W.D. Wash. Oct. 25, 2012) ("Forum shopping might be a concern had Airbus originated the action in one forum then sought transfer to another after some adverse ruling.").

### C. *Stay of the Federal Action*

Although I find that an award of costs is appropriate, "[a]n award of costs and the issuance of a stay are separate discretionary issues under Rule 41(d)." *Lombardo*, 2018 WL 6727356, at *3. Indeed, the structure of the rule compels such a conclusion. *See* Fed. R. Civ. P. 41(b) ("the court: (1) *may* order the plaintiff to pay all or part of the costs of that previous action; and (2) *may* stay the proceedings until the plaintiff has complied."). Plaintiff represents that "[i]f the Court grants [Defendant's] Rule 41(d) motion and directs [Plaintiff] to pay some measure of [Defendant's] costs in connection with the State Action, [Plaintiff] will promptly comply with such an order." (Doc. 25, at 31.) Given Plaintiff's assurance, and the fact that this motion has already significantly delayed the adjudication of this case on the merits, I find that a stay is inappropriate. Defendant's request for a stay is accordingly DENIED.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to stay and for costs pursuant to Federal Rule of Civil Procedure 41(d) is GRANTED IN PART and DENIED IN PART. It is hereby:

ORDERED that Defendant's motion for costs under Rule 41(d)(1) is GRANTED. No later than fourteen (14) days after the entry of this Opinion & Order, Defendant shall serve on Plaintiff an affidavit delineating the reasonable costs, including attorneys' fees, it incurred in defending the State Action. No later than fourteen (14) days after such service, the Parties shall file a joint letter of no more than three (3) pages proposing an agreement as to what constitutes reasonable costs in light of Defendant's affidavit.

IT IS FURTHER ORDERED that Defendant's motion for a stay under Rule 41(d)(2) is DENIED, and Defendant shall answer or otherwise respond to the complaint no later than thirty (30) days after the entry of this Opinion & Order.

SO ORDERED.

Dated: February 18, 2020
     New York, New York

Vernon S. Broderick
United States District Judge