.

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7115**

WRITER'S INTERNET ADDRESS
**jonpickhardt@quinnemanuel.com**

July 10, 2020

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Preferred Freezer Services, LLC, v. Americold Realty Trust,* No. 19-cv-2926 (VSB)

Dear Judge Broderick:

We represent defendant Americold Realty Trust ("Americold").  Pursuant to Your Honor's Individual Rule 5.B, we respectfully request leave to file Americold's papers in support of its motion to dismiss the amended complaint partially under seal.

Americold makes this request because its motion to dismiss refers to allegations in the Amended Complaint, which the Court permitted plaintiff Preferred Freezer Services, LLC ("PFS") to file in redacted form and partially under seal (*see* ECF No. 63).  Americold's papers also include two exhibits that are referenced in the Amended Complaint.  Thus, to comply with the Court's prior Order, Americold is required to redact and partially seal its motion to dismiss papers.

Americold respectfully submits, however, that redaction and sealing are not warranted. Although this disputes concerns PFS's claim that Americold breached the parties' non-disclosure agreement, and allegedly misappropriated PFS's business information, the Amended Complaint does not actually specify that information in any detail that would be competitively harmful if disclosed. Indeed, the vast majority of the redacted information concerns the *types* of records maintained by PFS, not their *contents*.  Given the "strong presumption of [public] access" to judicial records, *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018), it would be inappropriate to require continued redaction and sealing of allegations that merely refer to categories of allegedly confidential documents, without further describing what those documents actually said.

With respect to the little information that is described using more than vague terms, that information—such as a description of PFS's purported business model—is not confidential in any event, as shown in Americold's motion to dismiss. *See* Mem. § I.A.  If nothing else, the information

is outdated: it concerns a now-defunct company (PFS) that was sold in early 2019 and absorbed into its acquirer.  Thus, even though PFS was permitted to file its initial Complaint partially under seal pursuant to an *ex parte* order from Judge Torres, and the parties previously agreed to redact prior filings in this case, disclosure today poses no competitive harm, making continued sealing unwarranted.

Pursuant to the Court's Individual Rule 5.B.iii.a, we have conferred with counsel for PFS, and apprised them of their obligation "to file, within three days, a letter explaining the need to seal or redact the document."

Respectfully submitted,

/s/ *Jonathan E. Pickhardt*

Jonathan E. Pickhardt

cc:     All counsel (via ECF)

Defendant's request to file its papers without partial redactions is DENIED.  Defendant shall publicly file its motion to dismiss and declaration with partial redactions consistent with all previous filings.  Documents 68 and 69 shall remain under seal and visible only to the selected parties.

SO ORDERED:

HON. VERNON S. BRODERICK   7/14/2020
UNITED STATES DISTRICT JUDGE

2