

**MALA AHUJA HARKER**
mharker@fklaw.com
212.833.1126

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK                    July 24, 2020
U.S.D.J. 7/27/2020

BY ECF

Honorable Vernon S. Broderick
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

> Re:   *Preferred Freezer Services, LLC v. Americold Realty Trust,* No. 19-cv-
> 02926 (VSB)

Dear Judge Broderick:

We are counsel to Plaintiff Preferred Freezer Services, LLC ("PFS"). Pursuant to Your Honor's Individual Rule 5.B, we write to respectfully request that PFS' Opposition to Defendant Americold Realty Trust's ("Americold") Motion to Dismiss the Amended Complaint be filed partially under seal, consistent with the filing of prior pleadings and motions in this Action, and consistent with Your Honor's July 14, 2020 Order denying Americold's request to file its Motion to Dismiss without partial redactions (Dkt. No. 71).

As set forth in PFS' prior letter motions to the Court requesting partial sealing of documents in this Action (Dkt. Nos. 60 and 70), PFS initiated this action on April 2, 2019, alleging violations by Americold of the Defend Trade Secrets Act (18 U.S.C. § 1836) and related state law contract and tort claims, including fraud in the inducement, breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with prospective economic advantage, unfair competition, and misappropriation of confidential information. As alleged in the Amended Complaint (Dkt. No. 62), as well as the original Complaint (Dkt. No. 2), PFS' claims arise from a fraudulent scheme by Americold to obtain PFS' confidential, trade secret information (the "Confidential Information") through its bad-faith participation in a bidding process for the sale of PFS.

Americold obtained the Confidential Information pursuant to a Confidentiality and Non-Disclosure Agreement dated October 23, 2018 (the "Confidentiality Agreement"). Because Americold's improper acquisition, misuse and misappropriation of the Confidential Information, and its breach of the Confidentiality Agreement, are at the heart of PFS' claims, PFS was permitted to file its Complaint under seal by Judge Annalisa Torres, sitting in Part 1. (Dkt. No. 6.) Thereafter, Americold was granted leave to file its Rule 41(d) motion and supporting papers partially under seal (Dkt. Nos. 14, 29), and PFS was granted leave to file its opposition partially under seal (Dkt. No. 24), as the briefing on the motion referenced Confidential Information. Americold was also granted leave to file its Motion to Dismiss the original Complaint under seal. (Dkt. No. 47.) On June 26, 2020, PFS filed an Amended

Judge Broderick                         - 2 -                         July 24, 2020

Complaint (Dkt. No. 62) and was granted leave to file it partially under seal because, as with the original Complaint, its claims fundamentally relate to Americold's misuse and misappropriation of the Confidential Information and breach of the Confidentiality Agreement and contain commercially sensitive information relating to the confidential negotiations between PFS and the company that acquired it, Lineage Logistics Holdings, LLC ("Lineage").  (Dkt. No. 63.)  On July 10, 2020, Americold filed a letter motion requesting permission to file its Motion to Dismiss the Amended Complaint on the public docket without any redactions.  (Dkt. No. 67.)  PFS opposed Americold's request on July 13, 2020 (Dkt. No. 70), and on July 14, 2020, Americold's request to file its Motion without redactions was denied.  Americold was ordered to file its Motion with partial redactions consistent with prior filings in this Action (Dkt. No. 71).

On July 23, 2020, in a case in New York Supreme Court brought by former shareholders of PFS against Americold seeking damages for Americold's wrongful conduct that allegedly resulted in them receiving a lower price for their shares, *Fenway Polar Representative, LLC v. Americold Realty Trust*, Index. No. 652584/2020 (the "Fenway State Court Action"), Justice Jennifer G. Schechter denied Fenway's request to redact allegations in its complaint that relate to PFS' confidential information (the "July 23 Order").  While PFS is not a party to that case, Fenway had access to certain details of PFS' information because it was previously a majority shareholder of PFS and involved in the sale process. While the July 23 Order has been entered, the unredacted complaint has not yet been unrestricted on the public docket in the Fenway State Court Action.  PFS seeks to maintain the confidentiality of the allegations in this Action.

As explained in detail in the Opposition to the Motion to Dismiss, for the purposes of satisfying its pleading obligations, PFS sufficiently described its trade secrets and other Confidential Information in the Amended Complaint.  *See, e.g.*, Dkt. No. 62 ¶¶ 23, 60-78.  Without revealing any sensitive trade secrets, PFS appropriately sought to redact certain Confidential Information because, if revealed publicly, it could threaten the competitive business advantage of PFS and that of its parent entity, Lineage.  *See Louis Vuitton Malletier S.A. v. Sunny Mdse. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redaction of "specific business information and strategies, which if revealed 'may provide valuable insights into [the] company's current business practices that a competitor would seek to exploit'"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (similar); *Encyclopedia Brown Productions, Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (rejecting plaintiff's argument that the information defendant sought to redact was stale and stating that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Americold's breach of its obligations to PFS pursuant to the Confidentiality Agreement, and its misuse of the Confidential Information that gave rise to this Action, should not be further compromised in its efforts to vindicate its rights.  *See Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.,* 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016).

Judge Broderick                          - 3 -                          July 24, 2020

      Accordingly, we respectfully request that the Court grant PFS leave to file a redacted version of its Opposition to Americold's Motion to Dismiss.  Pursuant to the Court's Individual Rule 5.B, we conferred with counsel for Americold on July 22, 2020, who indicated on July 23 its view that sealing and redaction in this Action were "moot" in light of the July 23 Order.  We were not able to reach agreement on the issue.  In addition, in accordance with Rule 5.B we have publicly filed a copy of PFS' Opposition to Americold's Motion with redactions and have filed under seal a copy of PFS' Opposition to Americold's Motion with the redacted material highlighted in yellow.

      We thank the Court for its consideration of this request.

      Respectfully submitted,

      /s/ Mala Ahuja Harker

      Mala Ahuja Harker

cc: All counsel (via ECF)